**THE TRAVELERS INSURANCE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 88–494T, 89–262T.**

United States Court of Federal Claims.

April 13, 2000.

Peter H. Winslow, Washington, D.C., with whom was Biruta P. Kelly, for plaintiff.

Stuart J. Bassin, Washington, D.C., with whom were James A. Bruton, Acting Assistant Attorney General, Mildred L. Seidman and David Gustafson, United States Department of Justice, Tax Division, for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's motion for partial summary judgment and plaintiff's cross-motion for summary judgment. In *Travelers Ins. Co. v. United States,* 25 Cl.Ct. 141 (1992), this court found that corporate prepayment charges for 1974 through 1978 qualified for capital gains treatment pursuant to former section 1232 of the Internal Revenue Code (IRC) of 1954. After this decision and after the parties had begun discovery, plaintiff filed a motion in limine. This motion requested that the court rule in advance of trial on the admissibility of five memoranda prepared by Travelers' tax department as an exception to the hearsay rule. *See* Fed.R.Evid. 803(6). The government objected to this motion. It also filed a motion for partial summary judgment, contending that plaintiff would not be able to meet its burden of proof that the prepayment charges for corporate real estate mortgages satisfied the requirements of section 1232, and therefore was not entitled to capital gains treatment. Plaintiff filed a cross-motion for summary judgment, contending that it had met its burden of proof that the amounts of all prepayment charges, which the government disallowed as capital gain, satisfied the criteria for treatment as long-term capital gains pursuant to sections 1222 and 1232.[1]

The court has already ruled that the memoranda at issue in plaintiff's Motion in Limine are admissible. This opinion expands upon the court's reasons for that ruling. As a result of the existing ruling and for the additional reasons set forth below, the court denies defendant's motion for summary judgment, denies plaintiff's motion for summary judgment as to the corporate notes and loans as premature, and grants plaintiff's motion for summary judgment as to the corporate mortgage loans.

## FACTS

Plaintiff is a life insurance company incorporated under the laws of Connecticut. During the tax years in question, plaintiff regularly made loans to corporate borrowers. These notes could be retired prior to maturity by the payment of the principle, accrued interest and a prepayment charge. In this court's prior opinion, *Travelers Ins. Co. v.*

---

1. These cross-motions for summary judgment address only the "prepayment premium" portion of plaintiff's complaint. The court has dealt with the "foreign tax credit" and "foreign currency translation" issues in plaintiffs complaint previously.

*United States,* 25 Cl.Ct. 141, 146 (1992), the court found that such prepayment charges were eligible for treatment as capital gains under IRC § 1232.[2]

For a corporate obligation to qualify for capital gains treatment under section 1232, it must meet three requirements. The obligation must be: 1) issued by a corporation; 2) issued after December 31, 1954; and 3) held for more than one year. Defendant has engaged in discovery in an effort to determine whether plaintiff's prepayment premiums satisfy the requirements of section 1232. According to plaintiff, defendant is willing to concede the issue with respect to certain notes because plaintiff has been able to provide copies of the debt instruments to defendant. However, because plaintiff is unable to locate copies of the debt instruments with respect to real estate mortgages, defendant refuses to concede these figures. Defendant believes that plaintiff cannot meet its burden of proving that these notes satisfy the requirements of section 1232.

In light of defendant's position, plaintiff filed the above referenced Motion in Limine. Its motion seeks a ruling, in advance of trial, that five internal memoranda prepared by the tax department of Travelers were admissible pursuant to Rule 803(6) of the Federal Rules of Evidence, commonly known as the "business records exception" to the hearsay rule.

Defendant objected to plaintiff's motion on the grounds that plaintiff had not supplied a sufficient evidentiary foundation for admission of the memoranda. Defendant also contended that several other evidentiary rules, including Federal Rule of Evidence 1006, commonly known as the "best evidence rule," prevented the introduction of the memoranda in evidence. In addition, defendant filed a motion for partial summary judgment, asserting that even if the memoranda are admissible, plaintiff had failed to meet its burden of proof to establish each element of its case. Plaintiff has responded by filing its own cross-motion for summary judgment, contending it has established every element

of its case, and that there is no genuine issue of material fact regarding any of the corporate prepayment premiums at issue.

## DISCUSSION

### I. PLAINTIFF'S MOTION IN LIMINE

Plaintiff has requested that the court find five internal memoranda to be admissible in advance of trial. During each of the five years at issue, plaintiff's Corporate Tax Department used these forms to request from Travelers' Investment Accounting Division the amount of prepayment charges received during the calendar year in connection with loans made to corporations subsequent to January 1, 1955. The comptroller's office of the Investment Accounting Division completed the memoranda using amounts from its records. Along with its Motion in Limine, plaintiff submitted affidavits from several supervisory employees of Travelers, including supervisory employees of both the Investment Accounting Division and the Corporate Tax Department.

Plaintiff contends these memoranda are admissible under Fed.R.Evid. 803(6), the so-called "business record exception" to the hearsay rule. Rule 803(6) states in pertinent part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed.R.Evid. 803(6).

Plaintiff contends that the memoranda in question, based on the accompanying affida-

---

**2.** As noted in the prior opinion, this provision of the Internal Revenue Code is no longer in effect. Section 1232 was amended several times and ultimately repealed by § 42(a)(2) of the Tax Reform Act of 1984.

vits, satisfy every requirement of Rule 803(6). The memoranda were prepared contemporaneously with the closing of plaintiff's books at the end of each year. They were prepared by a person within the department with knowledge, in the regular course of business activity, and it was plaintiff's regular practice to prepare the memoranda. Moreover, there are no indicia that the memoranda are not trustworthy. In fact, given the vigorous regulation of the insurance industry, the opposite inference can be drawn.

Defendant makes two principal arguments against the admissibility of the memoranda pursuant to Rule 803(6). Generally, according to defendant, courts have focused their analysis on the admissibility of documents under the business records exception by looking at two factors: 1) general indicia regarding the trustworthiness of the document; and 2) the evidentiary foundation required by Rule 803(6). Defendant next contends that the memoranda have neither the indicia of trustworthiness nor the evidentiary foundation to sustain a Rule 803(6) exception to the hearsay rule.

■ As a preliminary matter, it should be noted that defendant's argument confuses the analysis the court needs to undertake in order to determine the admissibility of the memoranda. Defendant's "indicium of trustworthiness" is not a separate prong that a party need prove to make a business record admissible. Such an analysis mischaracterizes the purpose of the Rule. Rather, the requirements of Rule 803(6) are the "indicia of trustworthiness" necessary to allow otherwise inadmissible hearsay to be admitted. Of course, the Rule does recognize that such documents may still be inadmissible if "the sources of information or the method or circumstances of preparation indicate lack of trustworthiness." It does not require, as defendant suggests, the presentation of affirmative indicia of trustworthiness other than those explicitly required by the Rule. If those are met, the burden of presenting evidence shifts to the party opposing admission to show indicia of a lack of trustworthiness.

■ The court's inquiry should then be sequenced as follows: 1) Does the document meet the affirmative requirements of the Rule; and, if so 2) Does any evidence show the "source of the information" or the "method or circumstance of preparation" of the memoranda indicates a lack of trustworthiness.

From the affidavits of the four Travelers employees, it appears clear that these memoranda meet two crucial prongs of Rule 803(6): they were made in the regular course of business activity, and the records were regularly kept by the business. The documents were regularly prepared and relied upon each tax year by Travelers in computing its federal income tax. Late each relevant tax year, Travelers' Corporate Tax Division sent the memoranda to the Investment Accounting Division requesting the amount of prepayment penalties received during that calendar year in connection with corporate loans made after January 1, 1955. The Investment Accounting Division then calculated the amount, reported it on the memorandum and sent it back to the Corporate Tax Division, which relied upon these documents in preparing its federal income tax returns.

Defendant contends the memoranda fail to meet the affirmative requirements of the Rule for two reasons: 1) none of the affiants relied upon by plaintiff in its motion have the requisite "personal knowledge;" and 2) plaintiff has failed to provide a sufficient evidentiary foundation for admission of the documents. Neither of defendant's arguments has merit. The affidavits of Mr. Robert Stange and Mr. William Morgan, each of whom supervised the creation of records within the Investment Accounting Division during the years in question, indicate the purpose of the memoranda and detail the method of preparation by their division. Defendant correctly makes the point that mere assertions of personal knowledge are by themselves insufficient indicators of whether personal knowledge existed. Instead, the affiant must show that he had personal knowledge of the circumstances under which the document was prepared. Here, the affidavits of Mr. Stange and Mr. Morgan demonstrate quite clearly that both men had the requisite personal knowledge of the circumstances under which the documents were prepared.

Defendant's concern about inadequate foundation is not borne out by a careful examination of the affidavits. The affidavits establish the necessary affirmative requirements of Rule 803(6). The memoranda were made in the course of "regularly conducted business activity." The affidavits show that annual tax preparation and coordination between the corporate tax and investment accounting divisions were regular activities of Travelers. The memoranda were made by "persons with knowledge." The Stange and Morgan affidavits state that the documents were prepared based on computer printouts by employees of the departments they supervised. It was the "regular practice" of Travelers to draft the memoranda. The affidavits demonstrate that these memoranda were done annually by the corporate tax and investment accounting divisions to aid in preparation of federal tax returns. Finally, all of the above was shown by a "custodian or other qualified witness." Mr. Shannon is the custodian of these records for Travelers, and Mr. Stange and Mr. Morgan, as discussed above, constitute qualified witnesses.

The court must now determine whether notwithstanding the fact that the memoranda meet the affirmative requirements of Rule 803(6), the "sources of information or the method or circumstances of preparation" of the memoranda "indicate lack of trustworthiness." Defendant points to three things in suggesting the memoranda are untrustworthy: 1) although the memoranda purport to cover all prepayment charges received from "loans," they only cover, by plaintiff's admission, those received from mortgages and not those received from corporate notes and bonds; 2) the memoranda do not indicate whether the obligations were held for more than one year as required by section 1232(a)(2); and 3) plaintiff concedes that similar memoranda for prior tax years not at issue in this dispute have contained errors, suggesting that the memoranda in question contain similar errors.

The first two of defendant's examples—the fact that the memoranda only refer to loan obligations generally and that they do not specify the holding period of the loans—have absolutely nothing to do with the trustworthi-ness of the memoranda. Rather, these issues go to the probative value of the memoranda and the weight that the trier of fact will ultimately assign to them. The fact that these memoranda do not prove each and every element of plaintiff's case does not make them untrustworthy. It means instead that plaintiff will have to provide more evidence than just the memoranda in order to prevail.

Similarly, defendant's concern about the trustworthiness of these memoranda, based on small errors in the data contained within memoranda from tax years not at issue here, merely goes to the weight to be accorded these memoranda. The record indicates that these memoranda were a reliable indicator of the amount of prepayment charges collected in a given tax year. The fact that there are small errors in the memoranda not at issue does not undercut the fact that these documents were relied upon by Travelers in its tax preparation. Moreover, there is no indication that "the source of information or the method or circumstances of preparation," the two areas in which Rule 803(6) specifically requires inquiry, are untrustworthy. At best, the minor discrepancies in the memoranda from earlier tax years suggest the memoranda should be accorded slightly less probative value by the court.

Defendant also asserts the documents should be considered untrustworthy because, given Travelers' opinion at the time that this income should be treated as capital gain rather than taxable investment income, Travelers would have had an incentive to over report its capital asset income. If anything, the reliance of the taxpayer—and, apparently, the IRS during an audit—on these memoranda for tax preparation and examination purposes strongly suggests the opposite inference: the memoranda are trustworthy.

Even if the memoranda are admissible pursuant to Rule 803(6), defendant argues that two other evidentiary rules prevent the memoranda from being admitted in evidence. Defendant contends that Federal Rule of Evidence 1002, the "best evidence rule," and Rule 1006, the "summary evidence rule," both mandate excluding the memoranda. The court will address each in turn.

Rule 1002 requires that "to prove the content of a writing, ... the original writing ... is required ...." Defendant contends plaintiff is attempting to prove the contents of the memoranda, and the memoranda are not the best evidence of the amount of prepayment charges that should be treated as capital gains. Rather, according to defendant, the underlying corporate obligations are the best evidence to indicate whether the requirements of section 1232 have been met. Plaintiff counters that the facts it is intending to use the memoranda to prove, namely that the notes were corporate and were issued after 1954, are facts that are independent of the writings, and are hence admissible.

■ Plaintiff is correct that Rule 1002 does not render these documents inadmissible. The rule is designed to prevent the introduction of evidence designed to prove the *terms* of the document, where often small changes in words may be of significance. *See 4 John Henry Wigmore, Evidence in Trials at Common Law § 1242 at 574 (James H. Chadbourn rev., Little, Brown and Co.1972).* It does not, however, prevent the introduction in evidence of facts about the document, or facts that exist independently of the document that are not given legal consequence by the terms of the document. Here, the two contentions for which plaintiff wishes to use the memoranda are facts about the mortgage notes and facts that exist independent of the obligations themselves. The corporate nature of the mortgage notes does not depend on the terms of the notes; it is a fact independent of the mortgage notes. The date of issuance of the mortgage notes is a fact independent of the notes as well.

It bears mentioning that defendant may be correct that, colloquially speaking, the memoranda might not be the "best evidence" that plaintiff could produce to make its case. Obviously, as plaintiff would no doubt be willing to admit, it would prefer to be able to offer the mortgage obligations themselves as evidence. However, "best" for purposes of the Rule does not mean, as defendant suggests, the strongest or most probative evidence on any given point. It relates only to situations where the terms themselves have legal significance. This is not the case with the memoranda, however, and plaintiff is entitled to present other documentary and testimonial evidence, including the memoranda, to make its case.

■ Defendant's reliance on Rule 1006 is similarly misplaced. Rule 1006 allows for the introduction of summaries of "voluminous writings" if they cannot be "conveniently" presented in court, provided the originals are available for examination. The Rule is not applicable because plaintiff is not trying to introduce in evidence the contents of the mortgage notes by using the summaries as convenient surrogates. Rather, plaintiff is attempting to use the memoranda to demonstrate certain relevant facts about the notes.

Because the memoranda meet the standards of reliability set forth in Rule 806(b) and possess no indicia of unreliability, the court deems the memoranda admissible and will consider them as part of the record for purposes of the parties' cross-motions for summary judgment.

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary disposition is appropriate where there are no genuine disputes as to any material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over a "material fact" is one that "might affect the outcome of the suit under the governing law[,]" and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. With regard to the summary judgment motion, "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." *Sweats Fashions Inc. v. Pannill Knitting Company, Inc.,* 833 F.2d 1560, 1562 (Fed.Cir.1987), citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rather, as the Supreme Court has stated:

the plain language of Rule 56(c) mandates the entry of summary judgment, after ade-

quate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### B. Defendant's Motion for Summary Judgment

Defendant argues that, even if the memoranda are admissible as the court has ruled, defendant is still entitled to summary judgment regarding the corporate mortgage notes. As the party seeking a refund, Travelers bears the burden of proving each and every element of its case. Thus, to receive capital asset treatment, plaintiff must show that the obligations were: 1) issued by corporations; 2) issued after December 31, 1954; and 3) held for more than one year. Defendant argues that the only evidence plaintiff has offered to meet its burden are the memoranda. Defendant contends these memoranda are so unreliable as to fail to raise a genuine issue under the *Celotex* standard, because based only on the memoranda, plaintiff cannot make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

Plaintiff counters that the memoranda, in addition to other evidence provided in its cross-motion for summary judgment, are sufficient not only to defeat defendant's motion but to grant Travelers' summary judgment as to the corporate mortgages. Moreover, plaintiff also asks for summary judgment as to the two other categories of notes at issue that were not part of defendant's motion: those relating to corporate notes and corporate bonds.

Defendant argues that the note prepayments are not properly before the court because the record on the pending motions contains no evidence establishing that these obligations relate to prepayments described in section 1232(a)(2). Nonetheless, defendant acknowledges that it has verified that the notes relate to such obligations and that final judgment should reflect such a recharacterization to capital gain income. As to the corporate bonds, defendant argues that, because the corporate bonds were the subject of a motion by plaintiff to amend the complaint that was still pending when plaintiff filed its motion for summary judgment, it is premature to raise the issue at this point in time. The court has subsequently granted plaintiff's motion to amend its complaint to include the corporate bonds.

The court agrees with defendant that entry of summary judgment is inappropriate at this time for these two categories of notes, although the court is also at a loss to understand why the parties have spent substantial time arguing over what is a truly technical dispute that has nothing to do with the merits of plaintiff's claim. Defendant has verified that the corporate bonds should be given capital gains treatment; the dispute involving the corporate bonds centers on whether they are part of this dispute at this time. Because the court has granted plaintiff's motion to amend its complaint, defendant should be able to verify this portion of plaintiff's complaint. Thus, a more efficient course of action would be for the parties to arrive at a stipulation as to the amount of plaintiff's income that is entitled to recharacterization as capital gains in these two categories of notes.

The remaining question for the court—and the central issue involved in this portion of the dispute—is whether either party is entitled to summary judgment as to the corporate mortgage notes. Defendant contends that, even if the memoranda are technically admissible, plaintiff has failed to make the requisite showing that it can prove each and every element of its case, and therefore defendant is entitled to summary judgment under the *Celotex* standard. Plaintiff asserts that the evidence it has submitted to the court is not only sufficient to withstand defendant's motion but also proves each and every element plaintiff is required to prove. Thus, because defendant's motion is really based on an assertion of insufficient evidence rather than the existence of a genuine issue of material fact, plaintiff contends it is entitled to summary judgment regarding the mortgage notes.

Defendant's argument for summary judgment is thus similar to its argument against admissibility of the memoranda. Defendant first argues the memoranda are inadmissible. Second, even if "technically" admissible, defendant contends they are so unreliable as to be worthless as evidence. As discussed above, the business records exception to the hearsay rule is designed to permit only the introduction of generally reliable evidence. Defendant's recitation of the general unreliability of the memoranda is merely a recitation of its argument against admissibility, and is similarly unpersuasive.

### C. Plaintiff's Motion for Summary Judgment

█ In order to prevail on summary judgment, plaintiff must prove by a preponderance of the evidence each of the three elements listed in section 1232(a)(2). Plaintiff must show that: 1) the obligations were issued to corporations; 2) they were issued after December 31, 1954; and 3) they were held for more than one year. Defendant asserts that plaintiff cannot make the required showing regarding any of these three elements. Plaintiff contends that the record shows it has met each element of section 1232(a)(2). Other than the issue of the admissibility of the memoranda, which has already been resolved, the motions for summary judgment do not hinge on whether there is a genuine issue of material fact, but rather on whether plaintiff has submitted enough essentially undisputed evidence to prove the three required elements. The court will examine the proof offered for each element in turn.

Each memorandum includes the following directions from Travelers' tax department to the Investment Accounting Division:

> For Federal Income Tax purposes, please provide us with the prepayment penalties received during the calendar year *in connection with loans made to corporations subsequent to January 1, 1955.* (App. A to Cross–Mot. for Partial Summ. J. and Opp'n of Pl. to Mot. of the United States for Partial Summ. J. at A–280) (emphasis added).

The language of the memoranda clearly and unambiguously shows that the amounts reported meet two of the three prongs of section 1232(a)(2): the obligations were issued to corporations and they were issued after December 31, 1954. In addition to the arguments made by defendant regarding the general unreliability of the memoranda, which were reviewed in the discussion of plaintiff's motion in limine, defendant makes two additional arguments why, notwithstanding this clear language of the memoranda, the memoranda are unreliable.

First, defendant notes that, for 1972 and 1973, the only years in which the accuracy of the memoranda has been compared to the underlying documentation, several obligations have been included on the memoranda that do not meet the criterion of section 1232(a)(2). It appears that in both years several obligations were included in the totals, which in fact had not been issued to corporations. For both years, however, it is uncontested that 96% of obligations reported on these memoranda were accurately reported as corporate obligations. Defendant contends these errors in the memoranda demonstrate the procedures Travelers implemented to ensure the accuracy of the memoranda were not effective, and hence the memoranda are not reliable.

Although defendant asserts that the small errors in the memoranda, from years not at issue in this case, demonstrate the unreliability of the memoranda, the court believes the opposite inference should be drawn. Indeed, the fact that the memoranda from prior years are so accurate and contain very minor errors is strongly probative of the accuracy and reliability of the memoranda. If anything, this buttresses plaintiff's contention that the memoranda are admissible under the business records exception. The 1972 and 1973 memoranda inform the court that, in those years, the memoranda were very accurate and Travelers apparently did have procedures in place in both their tax department and in the Investment Accounting Division to ensure the accuracy of the memoranda. Beyond being probative of the general accuracy of the memoranda, the comparisons for the years 1972 and 1973 tell us nothing

further about the memoranda from later years that are at issue in this case.

Defendant also contends that the memoranda are unreliable and hence not probative because they are ambiguous. Defendant notes that the memoranda requested the amount paid in prepayment penalties for "loans" and did not specify that these were mortgages, rather than other types of loans or bonds. According to defendant, due to this apparent ambiguity, there is no way of knowing if Travelers and the IRS auditor viewed the term "loans" in the same way within the memoranda. Defendant asserts, therefore, that this ambiguity makes them unreliable.

Defendant's argument is without merit. Taken alone, the use of the term "loans" may be ambiguous and may lead to varying interpretations that could create a genuine issue of material fact. When the memoranda are read in their entirety, however, there is no ambiguity, and it is clear that the memoranda refer to mortgage prepayment penalties. Although the request does refer to the term "loans," the heading of the request is "Subject: Mortgage Loan Prepayment Penalties." It is inconceivable that any person reading the memoranda could come to any conclusion other than that the memoranda refer to mortgage loans made to corporations after December 31, 1954.

Thus disposing of defendant's objections, which do not raise credible genuine issues of material fact, the court is left with the memoranda themselves, which clearly state that they reflect the prepayment premiums received on corporate mortgage notes made after December 31, 1954. Other than general arguments against the reliability of the memoranda, defendant has offered no other evidence that would create a genuine issue of material fact regarding these two elements. Further, plaintiff has offered the affidavits of Messrs. Stange and Morgan, who oversaw the preparation of the memoranda during the years in question. These affidavits underscore the measures taken by Travelers to insure that the memoranda reliably and accurately reported the information requested. These affidavits, together with the memoranda, convince the court that plaintiff has met its burden regarding two of the three elements of section 1232(a)(2).

In order to receive capital gains treatment for the prepayment premiums at issue, plaintiff needs to prove the third prong of section 1232(a)(2): that the mortgage notes were held for more than one year. The memoranda do not indicate whether the underlying mortgage loans, which are the subject of the memoranda, have been held for more than one year. Plaintiff, however, has provided the affidavit of Robert Stange, who served as Assistant Comptroller of the Investment Accounting Division from 1970–75, in support of its contention that the obligations were held for more than one year. Mr. Stange states in his affidavit that it is very unlikely anyone would prepay a mortgage held for less than one year during this period:

> Receipt of a prepayment penalty on a corporate mortgage within one year, in my experience, would be an unusual occurrence. A significant drop in interest rates would have to occur between 1973 to 1974, 1974 to 1975, 1975 to 1976, 1976 to 1977, and 1977 to 1978 in order for a prepayment to have been financially beneficial to the mortgagor. Transaction costs to the borrower would also have to be considered. During the period 1973 to 1978, mortgage rates from year to year were steadily rising, making prepayment unlikely from a financial standpoint.

App. A to Cross–Mot. for Partial Summ. J. and Opp'n of Pl. to Mot. of the United States for Partial Summ. J. at A–278.

Defendant does not challenge the accuracy of this statement, only its relevance toward proving that the obligations were held for more than one year. According to defendant, Mr. Stange's statement only tells us that there were financial disincentives during this period for debtors to prepay mortgages within one year. However, so defendant's argument goes, it does not tell us if the obligations were indeed paid within one year, despite the disincentives. Aside from this characterization of Mr. Stange's statement, defendant offers no suggestion that there is a genuine issue of material fact regarding this issue, only that plaintiff has failed to meet its burden of proof.

The court does not find defendant's characterization of Mr. Stange's statement to be accurate. Mr. Stange's statement is indeed highly probative of whether the corporate mortgage notes in question were held for more than one year. Its importance requires only one logical assumption: that the corporate debtors were rational actors. If the corporate actors behaved rationally, then they were virtually certain not to prepay on a mortgage obligation held for less than one year because of the rising interest rates and high transaction costs. The court finds Mr. Stange's analysis sufficient for plaintiff to meet its burden of proof that the notes were held for more than one year.

Plaintiff is thus entitled to summary judgment on the corporate mortgage loans. The court finds that the internal Travelers memoranda are admissible under the business records exception to the hearsay rule and that they are reliable and accurate reports. The memoranda, as well as the affidavits of Messrs. Stange and Morgan, the two Travelers employees in charge of preparing the internal memoranda, show that the prepayment penalties were from corporate mortgage notes issued after December 31, 1954, satisfying two of the three elements of section 1232(a)(2). The portion of Mr. Stange's affidavit regarding the holding period of the mortgage loans is probative of whether the obligations were held for more than one year and is sufficient to satisfy plaintiff's burden of proof regarding the third prong of section 1232(a)(2).

Defendant's motion for summary judgment and opposition to plaintiff's cross-motion are premised not on the existence of genuine issues of material fact but rather on an inability of plaintiff to prove each of the elements required to grant capital gains treatment of the prepayment penalties. This absence of proof is in turn essentially premised on the notion that the internal memoranda of Travelers, which both parties concede is crucial to plaintiff's case, are either inadmissible or so unreliable to be virtually worthless. Because the court finds that the memoranda are admissible under the business records exception to the hearsay rule, and are reliable and credible indicators of the information contained within them, plaintiff has satisfied the court that it has proffered sufficient evidence to be entitled to summary judgment regarding the corporate mortgage notes.

## CONCLUSION

For the reasons stated above, the court denies defendant's motion for summary judgment, denies plaintiff's motion for summary judgment as to the corporate notes and loans as premature, and grants plaintiff's motion for summary judgment as to the corporate mortgage loans.

IT IS SO ORDERED.